**Welfredo LAGTAPON, Appellant,**

v.

**The SECRETARY OF HEALTH, EDU-
CATION AND WELFARE.**

**No. 71–2060.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Dec. 13, 1972.

Decided June 27, 1973.

Richard B. Wolf, Washington, D. C.,
for appellant.

Anthony J. Steinmeyer, Atty. Dept. of
Justice, Harold H. Titus, Jr., U. S.
Atty., and Kathryn H. Baldwin, Atty.,
Dept. of Justice, were on the brief, for
appellee.

Before McGOWAN, MacKINNON and
ROBB, Circuit Judges.

PER CURIAM:

Appellant has been trying to collect
Parent's Insurance Benefits under 42
U.S.C. § 402(h)(1) [1] from the Social Se-
curity Administration based upon the
service of his son who died in World
War II. Appellant's son had been a
member of the Philippine Army which
was called into the service of the United

---

1. This section provides in part:

Every parent (as defined in this sub-
section) of an individual who died a fully
insured individual, if such parent—

  (A) has attained age 62,

  (B) (i) was receiving at least one-
half of his support from such individual
at the time of such individual's death
or, if such individual had a period of
disability which did not end prior to the
month in which he died, at the time
such period began or at the time of such
death, and (ii) filed proof of such sup-
port within two years after the date of
such death, or, if such individual had
such a period of disability, within two
years after the month in which such
individual filed application with respect
to such period of disability or two years

after the date of such death, as the case
may be,

  (C) has not married since such in-
dividual's death,

  (D) is not entitled to old-age insur-
ance benefits, or is entitled to old-age
insurance benefits each of which is less
than 82½ percent of the primary in-
surance amount of such deceased indi-
vidual if the amount of the parent's
insurance benefit for such month is de-
terminable under paragraph (2)(A) (or
75 percent of such primary insurance
amount in any other case), and

  (E) has filed application for parent's
insurance benefits,

shall be entitled to a parent's insurance
benefit * * *.

States Army in 1941. The Administration denied appellant's application for benefits in 1968, and affirmed this denial after a hearing in 1969. Appellant then proceeded in District Court to compel payment under 42 U.S.C. § 405(g), and that court granted the Administration summary judgment. We agree that summary judgment was properly granted.

■ Eligiblity for Parent's Insurance Benefits under 42 U.S.C. § 402(h)(1) requires, *inter alia*, that the claimant be a parent of "an individual who died a fully insured individual." The phrase "fully insured individual" includes one who has six "quarters of coverage," 42 U.S.C. § 414(a), which means that the insured must have earned $50 or more during 6 three-month periods. 42 U.S.C. § 413(a). Since there was no record of appellant's son having been paid any wages during any three-month period, appellant has attempted to qualify his son under a provision which states that a veteran shall be deemed to have been paid $160 wages for each month he "served in the active military or naval service of the United States during World War II." 42 U.S.C. § 417(a)(1). The impediment to appellant's recovery, and the basis for the Administration and District Court decisions, is that 38 U.S.C. § 107(a) expressly declares that

> Service before July 1, 1946, in the organized military forces of the Government of the Commonwealth of the Philippines * * * shall not be deemed to have been active military, naval, or air service *for the purposes of any law* of the United States conferring rights, privileges, or benefits upon any person by reason of the service of such person or the service of any other person in the Armed Forces * * *. (Emphasis added.)

This section prevents appellant's son from qualifying as one who has "served in the active military or naval service"

for the purpose of obtaining Social Security benefits.

The Social Security benefits to parents of World War II veterans contained in 42 U.S.C. § 417, were created in 1950 as part of the Social Security Act Amendments, 64 Stat. 477, 512. The term "World War II veteran" was defined to mean "any individual who served in the active military or naval service of the United States during World War II." 42 U.S.C. § 417(d)(2). While the Philippine Army was placed in the active military service with the United States Army in 1941 by a Presidential Military Order,[2] we think it is clear that the 1950 Social Security benefits were not intended to reach members of the Philippine Army.

First, and most compelling, is the fact that in 1946 Congress appropriated $200,000,000 to the Philippine Army with the express proviso now codified in 38 U.S.C. § 107(a) that members of that army were to receive no benefit from any law of the United States which conferred "rights, privileges, or benefits" upon servicemen. Since the 1950 Social Security Act Amendments do not specifically abrogate the language of this proviso by expressly including members of the Philippine Army within the ambit of the Amendments, there is no reason not to give that proviso its clear effect. Second, the legislative history of the 1950 Amendments indicates that the section extending Social Security benefits to World War II veterans was intended to restore to servicemen who had been removed from the civilian work force the Social Security benefits of which they had been deprived because of their war service. S.Rep.No.1669, 81st Cong., 2d Sess. 18 (1950), U.S.Code Cong.Serv., p. 3287. However, this purpose does not apply to Philippine veterans, since they were not even covered by the Social Security Act during the war, and thus could not have been deprived of any benefits.[3]

---

2. 3 C.F.R. Compilation 1938–1943 at 1307.

3. *See* S.Rep.No.1669, 81st Cong., 2d Sess. at 10 (1950), U.S.Code Cong.Serv., p. 3287.

Finally, appellant attacks the exclusion of Philippine servicemen from the Social Security benefits given the United States servicemen as unconstitutional. We find no merit in this argument. Congress clearly had a rational basis for excluding Philippine servicemen from the 1950 Amendments, since, as mentioned above, the purpose of restoring Social Security benefits did not apply to such servicemen. Additionally, the Philippines became an independent country in 1946, and Congress cannot be faulted for not extending coverage of the Social Security Act to citizens of another country. Nor can it be argued that this exclusion violates appellant's due process rights. See Richardson v. Belcher, 404 U.S. 78, 92 S.Ct. 254, 30 L. Ed.2d 231 (1971).

Affirmed.